UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

5419 NEW CUT ROAD, LLC                                                                              Plaintiff

v.                                                                                   Civil Action No. 3:24-cv-184

SHELTER GENERAL INSURANCE                                                                        Defendants
COMAPNY ET AL.

\* \* \* \* \*

**MEMORANDUM ORDER & OPINION**

Defendant Nate Seely ("Seely") moves for summary judgment. [DE 18]. Plaintiff 5419 New Cut Road, LLC ("Plaintiff") responded, and Seely replied. [DE 20; DE 22]. The motion is fully briefed, and the motion is ripe. For the reasons below, Seely's motion [DE 18] is **GRANTED**.

### I.   BACKGROUND

In July 2021, Plaintiff entered an insurance contract with Shelter General Insurance Company ("Shelter") for a property located at 4519 New Cut Road. [DE 1-1 at 14]. The insurance contract allowed for replacement cost of the property in the event of a covered loss. [DE 20 at 225]. In April 2022, Plaintiff refinanced its loan on the property, and communicated the change to its insurance agent, Barry McAfee. [DE 1-1 at 14].

On April 25, 2022, a fire caused significant damage to 5419 New Cut Road. [DE 20 at 226]. Plaintiff "immediately reported the fire to Shelter General Insurance who assigned [this claim] to its adjuster, Nate Seely." [*Id.*]. Plaintiff "soon learned" that Shelter adjusted the claim as the actual cash value, rather than the replacement value. [*Id.*]. However, Plaintiff alleges that

1

it never communicated with Shelter regarding the change from replacement to actual case value coverage. [*Id.*].

Because the dispute stems from the insurance policy, Plaintiff requested a certified copy of its policy from Seely. [*Id.*]. Plaintiff alleges that Seely responded that the policy would not be provided, "unless subpoenaed or suit is filed." [*Id.*]. Plaintiff further claims that "Defendant Seely refused to cooperate with Plaintiff and its public adjuster in its completion of the proof of loss required by Defendant Shelter." [*Id.*] Seely now moves for summary judgment [DE 18] arguing that adjusters cannot be liable for bad faith under Kentucky's Unfair Claims Settlement Practices Act, Ky. Rev. Stat. § 304.12-230 ("UCSPA") or common law.

## II.    STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party shows that there is no genuine issue of material fact about an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of proving that no genuine issue of material fact exists. *Id.* at 1435. A fact is "material" if proof of that fact could establish or refute an essential element of the cause of action or a defense

advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*

Once the moving party carries the initial burden of proving that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Id.* at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

### III.   DISCUSSION

#### A. Liability for Bad Faith

Seely argues that he is entitled to summary judgment because under Kentucky law "there can be no reasonable dispute that Plaintiff's bad faith claims against Mr. Seely . . . cannot succeed" under any set of facts. [DE 18-1 at 188]. Plaintiff asserts that Seely is liable for bad faith because (1) "Seely engaged in the practice of insurance when he refused to provide essential documents

and [*sic*] assistance," (2) the plain language of the statute, and (3) the case law intended for the UCSPA to apply to insurance adjusters. [DE 20 at 228-29].

The UCSPA "is intended to protect the public from unfair trade practices and fraud and imposes what is generally known as a duty of good faith and fair dealing owed by and insurer to an insured." *Phelps v. State Farm Mut. Auto. Ins.*, 680 F.3d 725, 731 (6th Cir. 2012) (internal citations omitted) (quoting *State Farm Mut. Auto. Ins. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988)); *Knotts v. Zurich Ins.*, 197 S.W.3d 512, 515 (Ky. 2006). To state a claim under the UCSPA, a plaintiff "must meet a high threshold standard that requires evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant by the insurance company that would support an award of punitive damages." *Phelps*, 680 F.3d at 731 (quoting *Wittmer v. Jones*, 864 S.W.2d 864, 890 (Ky. 1993)) (internal quotations omitted).

First, Plaintiff points to the plain language of the UCSPA to justify liability against Seely. [DE 20 at 228]. Although an initially ambiguous statute, courts in this district and a Kentucky Appeals court have found, absent a contractual relationship, an insurance adjuster cannot be liable for common-law or statutory bad faith. *See Farmland Mut. Ins. v. Johnson*, 36 S.W.3d 368, 380 (Ky. 2000), *as modified* (Feb. 22, 2001) (discussing the ambiguity of the UCSPA); *see also, e.g., Breedlove v. State Farm Fire & Cas. Co.*, 690 S.W.3d 904, 915 (Ky. App. 2024) ("we agree . . . and hold that adjusters employed by the insurer are not liable for UCSPA or common law bad faith claims."); *Wolfe v. State Farm Fire and Cas. Co.*, No. 3:10-CV-545-H, 2010 WL 4930680, at, *5 (W.D. Ky. Nov. 30, 2010) ("This Court finds that both law and reason point to the improbability of Kentucky courts holding insurance adjusters individually liable for claims under the Kentucky Unfair Claims Settlement Practices Act or the Kentucky Consumer Protection Act.").

Second, Plaintiff argues that the court in *Davidson v. American Freightways* permit adjusters to be liable under Ky. Rev. Stat. § 304.12-220 and § 304.12-230. Plaintiff contends that *Davidson* found that the UCSPA applies to both insurance companies and their agents. [DE 20 at 228]. But the Kentucky Appeals court in *Breedlove* interprets *Davidson* to find the opposite. *Breedlove* quotes *Davidson* in relevant part:

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay. Absent a contractual obligation, there simply is *no* bad faith cause of action, either at common law or by statute.

*Davidson*, 25 S.W.3d at 100 (emphasis added). *Breedlove* reinforces *Davidson*, that absent a contractual obligation, there is no bad faith cause of action under the UCSPA. *Breedlove*, 690 S.W.3d at 915.

Finally, Plaintiff attempts to distinguish *Breedlove* from this case, arguing that the court in *Breedlove* does not address "when an insurance adjuster operates in bad faith, outside of the direction of the insurance company." [DE 20 at 229]. Plaintiff states "[c]learly, the Plaintiff is not claiming that Defendant Seely was an original party to the contract between Shelter and Plaintiff . . ." [DE 20 at 230]. Yet, as discussed above, Plaintiff's assertion is resolved, as a Kentucky Appeals court has held that insurance adjusters, who are not a party to the contract, cannot be held liable for bad faith. *See Breedlove*, 690 S.W.3d at 915.

Even viewing the facts in the light most favorable to Plaintiff, there is no genuine dispute as to whether (1) Seely is an adjuster employed by Shelter, and (2) Plaintiff was in a contract with Shelter, not Seely. "[I]n the absence of a contractual obligation to pay, there can be no action for bad faith" against insurance adjusters, and thus, Seely cannot be liable for bad faith under the UCSPA. *Shaffer*, 155 S.W.3d at 742.

### B. Prematurity of Summary Judgment

Plaintiff argues that Seely's motion for summary judgment is premature. [DE 20 at 229]. Plaintiff asserts that "[a]t this stage of the litigation . . . Plaintiff has not ascertained if there was a policy within Shelter to not provide certified copies of its policies to its insured or to refuse assistance in completing proofs of loss or if Defendant Seely was acting outside of the guidance of Shelter." [*Id.*]. Seely argues "such discovery has no bearing on the purely legal issue of whether Mr. Seely, an insurance adjuster, may be held individually liable for bad faith." [DE 22 at 249].

At the summary judgment phase of litigation, the parties are required "to make [their] case with a showing of facts that can be established by evidence that will be admissible at trial." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing Fed. R. Civ. P. 56(e)(2)). In addition, under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may adjourn a motion for summary judgment for further discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). This authority considers the drastic nature of granting summary judgment by allowing the Court to ensure that it "affords the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995).

While the nonmoving party must typically file a formal affidavit stating "the materials [it] hopes to obtain with further discovery," *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004), Fed. R. Civ. P. 56(d) is also satisfied if the party complies with its "substance and purpose" of the rule by "informing the district court of [the] need for discovery prior to a decision on the summary judgment motion." *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (internal quotation marks and formatting omitted). Granting summary judgment simply because the plaintiff did not

file a "redundant" FRCP 56(d) affidavit, the court held, would "unduly exalt form over substance." *Id.*

Here, Plaintiff did not file a Fed. R. Civ. P. 56(d) affidavit with its response brief, nor did Plaintiff comply with the procedural requirements by setting forth specific discovery it needs to respond to Seely's motion for summary judgment. All that Plaintiff requests is additional "time to determine if Defendant Seely's actions were under the direction and approval of Shelter or on his own volition." [DE 20 at 230]. However, the discovery Plaintiff seeks is not relevant to whether Seely can be liable under the UCSPA because under the Kentucky Appeals court's opinion in *Breedlove*, an adjuster cannot be liable for statutory or common law bad faith. *See Breedlove*, 690 S.W.3d at 915. And even if Plaintiff's discovery was relevant, Plaintiff has not "demonstrate[d] the need for further discovery with particularity." *Williams v. Goodyear Tire & Rubber Co.*, No. 11-2-35-STA, 2012 WL 1228860, at *3 (W.D. Tenn. Apr. 11, 2012). As a result, the Court will grant Seely's motion for summary judgment.

## C. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that Seely's Motion for Summary Judgment [DE 18] is **GRANTED with prejudice**.

October 2, 2024

Rebecca Grady Jennings, District Judge
United States District Court

7